T.C. Memo. 2021-52

UNITED STATES TAX COURT

ANDREW MITCHELL BERRY AND SARA ALEXINE BERRY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ANDREW MITCHELL BERRY AND SARA BERRY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6584-19, 11180-19.          Filed May 5, 2021.

Andrew Mitchell Berry and Sara Alexine Berry, pro sese.

Kris H. An and Joanne H. Kim, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  In these consolidated cases, respondent issued notices

of deficiency for 2014 and 2015 (years in issue).  For 2014 respondent determined

a deficiency of $68,569, a $13,714 section 6662(a) accuracy-related penalty, and a

**[*2]** $16,144 addition to tax pursuant to section 6651(a)(1). For 2015 respondent determined a deficiency of $65,588 and a $13,118 section 6662(a) accuracy-related penalty. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

After the parties' concessions, the issues for consideration are: (1) whether $8,700 and $1,200 for 2014 and 2015, respectively, should be recharacterized as petitioners' other income and not gross receipts of Phoenix Construction and Remodeling, Inc. (Phoenix), (2) whether Phoenix is entitled to deduct car racing expenses for 2014 and 2015, (3) whether Phoenix is entitled to a deduction pursuant to section 179 for an excavator and a utility trailer for 2014, (4) whether Phoenix has cost of goods sold of $33,294 for building permits for 2014, (5) whether petitioners are entitled to deduct depreciation of $8,000 reported on Schedule C, Profit or Loss From Business, for 2015, (6) whether petitioners are liable for an addition to tax pursuant to section 6651(a)(1) for 2014, and (7) whether petitioners are liable for the accuracy-related penalty pursuant to section 6662(a) for 2014.

**[*3]**                        FINDINGS OF FACT

Some of the facts are stipulated and are so found.  Petitioners resided in California when they filed their petition.

During the years in issue Andrew Berry (petitioner husband) worked as a realtor and reported his income on Schedules C.  He also participated in car racing during the years in issue.  In 2014 and 2015 he earned $8,700 and $1,200, respectively, from winning drag racing tournaments.  He assigned these winnings to Phoenix.  For the years in issue Phoenix paid expenses related to petitioner husband's race car driving.

For the years in issue Phoenix was an S corporation owned equally by petitioner husband and his father Ronald Berry (Mr. Berry).  Phoenix was involved in construction projects in San Luis Obispo, California.  Petitioners claimed 50% of Phoenix's flowthrough profits and losses on Schedules E, Supplemental Income and Loss, for 2014 and 2015.

Phoenix had four bank accounts and petitioners had three during the years in issue.  Phoenix used QuickBooks software to keep track of its records.

On June 13, 2016, Phoenix filed its 2014 Form 1120S, U.S. Income Tax Return for an S Corporation, reporting gross income of $1,664,364 and cost of goods sold of $1,329,575, including $150,414 for building permits.  Phoenix

**[*4]** claimed a section 179 deduction totaling $135,297 for 11 items, including an excavator and a utility trailer.

On May 24, 2016, petitioners filed their 2014 Form 1040, U.S. Individual Income Tax Return. Petitioners' 2014 income tax return was due October 15, 2015. On February 7, 2019, an IRS revenue agent's supervisor signed a Civil Penalty Approval Form approving the penalty determined in the notice of deficiency issued March 11, 2019. On February 8, 2019, a 30-day letter was sent to petitioners.

The notice of deficiency for 2014 included adjustments pursuant to the examination of Phoenix's 2014 return. In the notice respondent determined that petitioners underreported their Schedule E income from Phoenix. Respondent disallowed petitioners' claimed section 179 deduction and cost of goods sold for building permits, but he later conceded that certain expenses were allowable on the basis of additional documentation petitioners provided. After the issuance of the notice of deficiency, respondent verified the purchase of a tile saw and adjusted the disallowed section 179 deduction to take it into account. Respondent allowed some of the building permits as cost of goods sold but continued to disallow $33,294 of the reported building permits.

**[*5]** On or about October 15, 2016, petitioners filed their 2015 Form 1040. On their 2015 Schedule C they reported a depreciation expense of $8,000. In the notice of deficiency for 2015 respondent disallowed all Schedule C expenses, but respondent later conceded that all the expenses were allowable except for the $8,000 depreciation expense.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they have met the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Generally, an S corporation shareholder determines his or her tax liability by taking into account a pro rata share of the S corporation's income, losses, deductions, and credits. Sec. 1366(a)(1). Where a notice of deficiency includes

**[\*6]** adjustments for S corporation items with other items unrelated to the S corporation, we have jurisdiction to determine the correctness of all adjustments. See Winter v. Commissioner, 135 T.C. 238 (2010).

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Gross Receipts

A taxpayer may not determine the nature of his or her income merely by using a particular form, or by labeling it as he or she wishes, but must report his or her income according to the economic realities of the situation. Walker v. Commissioner, 101 T.C. 537, 544 (1993) (citing Frank Lyon Co. v. United States, 435 U.S. 561 (1978)).

Petitioners contend that petitioner husband's race car winnings should be included in Phoenix's gross receipts. In support of this contention Mr. Berry testified that Phoenix paid the entry fees for petitioner husband's car races. Petitioner husband testified that he raced under the name "Berry Racing", which he described on his Facebook account as a family drag racing team. During the

**[*7]** years in issue petitioner husband's racing crew wore shirts emblazoned with "Berry Racing".

The evidence does not show that car racing was part of Phoenix's business. Because income earned by petitioner husband as a race car driver is not income derived from Phoenix's business of remodeling and construction, it should not be included in Phoenix's gross receipts. Therefore, we sustain respondent's recharacterization of $8,700 and $1,200 as other income for 2014 and 2015, respectively.

Race Car Expenses

Section 162 permits taxpayers to deduct all ordinary and necessary business expenses paid or incurred during the taxable year. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Commissioner v. Heininger, 320 U.S. 467, 471 (1943); sec. 1.162-1(a), Income Tax Regs. Petitioners failed to show the connection between Phoenix's construction business and the reported race car expenses.

Even if we concluded that the race car expenses were ordinary and necessary expenses pursuant to section 162, we are not able to determine which

**[*8]** expenses would be deducted as race car expenses. Petitioners did not provide evidence identifying which expenses in Phoenix's records were related to race cars. We sustain respondent's denial of deductions for race car expenses for 2014 and 2015.

Phoenix's Section 179 Deduction

Section 179 provides that a taxpayer may elect to treat the cost of any section 179 property as an expense which is not chargeable to a capital account. If a taxpayer makes such an election, the cost shall be allowed as a deduction for the taxable year in which the section 179 property is placed in service. Sec. 179(a). Section 179 property includes tangible property that is section 1245 property required for use in the active conduct of a trade or business. Sec. 179(d)(1)(B). To be entitled to a section 179 deduction a taxpayer must maintain records reflecting how and from whom the section 179 property was acquired and when it was placed in service. Sec. 1.179-5(a), Income Tax Regs.

For 2014 Phoenix claimed a section 179 deduction for 11 items. Respondent initially disallowed the deduction for all 11 items. Petitioners contend that they should be allowed a deduction for the utility trailer and the excavator. While Phoenix properly elected to treat the utility trailer and the excavator as

**[\*9]** section 179 property, it failed to substantiate the section 179 deduction for either item.

In February 2014 Mr. Berry purchased a utility trailer. He testified that the trailer was purchased to store materials at a remote jobsite. He further testified that trailer could be sold for a profit. There is no evidence to support his testimony.

On the contrary respondent's revenue agent testified that in 2018 petitioner husband listed for sale a trailer that was used to transport race cars. The evidence does not support petitioner's claim that the trailer was used for Phoenix's construction-related activities. Accordingly, respondent's disallowance of the section 179 deduction for the utility trailer is sustained.

Mr. Berry testified that Phoenix purchased an excavator in 2014 and provided an undated bill of sale. Petitioners provided evidence to show that petitioner husband made a cash withdrawal and used a money order to purchase the excavator. They did not provide any evidence that connected the cash withdrawal and the purchase of the excavator. Therefore, petitioners failed to meet their burden to show entitlement to a section 179 deduction for the excavator.

**[\*10]** <u>Cost of Goods Sold</u>

Cost of goods sold is an offset subtracted from gross receipts in determining gross income, secs. 1.61-3(a), 1.61-6(a), Income Tax Regs., and is not a deduction, see <u>Metra Chem Corp. v. Commissioner</u>, 88 T.C. 654, 661 (1987). Any amount claimed as cost of goods sold must be substantiated, and taxpayers are required to maintain records sufficient for this purpose. Sec. 6001; <u>Nunn v. Commissioner</u>, T.C. Memo. 2002-250, slip op. at 16; sec. 1.6001-1(a), Income Tax Regs.

Respondent's revenue agent examined Phoenix's QuickBooks records. For six entries related to building permits in 2014 the revenue agent found duplicate entries and disallowed the duplicates. Petitioners did not substantiate entitlement to the disallowed duplicates. Respondent's disallowance of duplicate entries of $33,294 for 2014 is sustained.

<u>Schedule C Deduction</u>

For property used in a trade or business or held for the production of income, a depreciation deduction is allowed for reasonable exhaustion and wear and tear. Sec. 167(a). Petitioners reported a depreciation expense of $8,000 on their 2015 Schedule C. Petitioners contend that the $8,000 was for petitioner husband's truck that he "used to meet clients, and look at jobs, and go to meetings".

[*11] To substantiate entitlement to a depreciation deduction, a taxpayer must establish the property's depreciable basis by showing the cost of the property, its useful life, and the previously allowable depreciation. Cluck v. Commissioner, 105 T.C. 324, 337 (1995). In addition, a claimed deduction with respect to any "listed property", a category including "any passenger automobile", is subject to the heightened substantiation requirements under section 274(d)(4). See sec. 280F(d)(4) (defining "listed property").

Petitioners failed to provide any showing of the cost of the truck, when it was placed in service, the business percentage use of the vehicle, and the previously allowed depreciation. Accordingly, the disallowance of a deduction for depreciation for 2015 is sustained.

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax if the taxpayer fails to file his or her income tax return by the required due date (including any extension of time for filing). A taxpayer has the burden of proving that failure to timely file was due to reasonable cause and not willful neglect. See sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Under section 7491(c) the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any additions to tax. See

[*12] <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447. For 2014 petitioners filed their income tax return after the due date. Therefore, respondent's burden of production has been met. Petitioners did not establish that their failure to timely file was due to reasonable cause. Accordingly, the section 6651(a)(1) addition to tax is sustained for 2014.

<u>Section 6662(a) Penalty</u>

The Commissioner bears the burden of production with respect to the penalty imposed by section 6662(a). Sec. 7491(c). This burden of production includes producing evidence that the Commissioner has complied with the procedural requirements of section 6751(b). <u>Frost v. Commissioner</u>, 154 T.C. 23, 34 (2020). Once the Commissioner meets this burden, the taxpayer must come forward with contrary evidence. <u>Id.</u>

The Commissioner must show compliance with section 6751(b)(1), which requires that certain penalties be personally approved in writing by the immediate supervisor of the individual making the determination. <u>See</u> <u>Graev v. Commissioner</u>, 149 T.C. 485, 493 (2017), <u>supplementing and overruling in part</u> 147 T.C. 460 (2016).

The record indicates that written supervisory approval for the assertion of an accuracy-related penalty for 2014 was given on February 7, 2019, and that a

**[\*13]** 30-day letter was sent to petitioners on February 8, 2019. Respondent has satisfied the burden of production with regard to the supervisory approval requirement of section 6751(b), and petitioners do not contend otherwise. See Flume v. Commissioner, T.C. Memo. 2020-80, at \*34.

Section 6662(a) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return if, as provided by section 6662(b)(1), the underpayment is attributable to "[n]egligence or disregard of rules or regulations." Negligence includes "any failure to make a reasonable attempt to comply" with the internal revenue laws, and "disregard" includes "any careless, reckless, or intentional disregard." Sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Petitioners did not keep records as required by section 6001. Their underpayment was attributable to negligence.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that he or she had reasonable cause and acted in good faith. Sec. 6664(c)(1); see Higbee v. Commissioner, 116

**[*14]** T.C. at 446-447.  Petitioners did not contest the section 6662(a) penalty, and therefore the penalty is sustained for 2014.[1]

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered under</u>

<u>Rule 155</u>.

---

[1]Respondent also alleged that petitioners were liable for the sec. 6662(a) and (b)(2) accuracy-related penalty for 2014 for a substantial understatement of income tax.  Because we find that petitioners were negligent and that they did not provide evidence that they acted with reasonable cause or in good faith, we need not address whether they substantially understated their income tax for 2014.